FILED - KZ
November 5, 2021 10:31 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems  Scanned by EMS/11/5

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MICHIGAN

SOUTHERN DIVISION

1:21-cv-936
Hala Y. Jarbou
United States District Judge
Sally J. Berens
United States Magistrate Judge

| | | |
|---|---|---|
| RAIDHY LOUIS MOYA, | ) | |
| Petitioner, | ) | PETIION FOR A WRIT OF HABEAS |
| | ) | CORPUS UNDER 28 U.S.C. &2241 |
| v. | ) | |
| | ) | PETITIONER'S BRIEF |
| M. BRECKON, WARDEN OF NLCF, GEO CORP. | ) | |
| US DEPARTMENT OF JUSTICE, BUREAU OF | ) | |
| PRISONS, at al., | ) | |
| Respondent. | ) | |
| | ) | |

Comes now, the petitioner Raidhy Louis Moya acting pro se, respectfully files this Brief to this Honorable Court to support his Motion Pursuant to 28 U.S.C. &2241.

This Brief is based on the following facts and ground

1. FACTUAL BACKGROUND

Petitioner challenges the calculation of his release date by the BOP ("Bureau of Prisons"). Petitioner Moya claims the BOP violated that portion of his federal sentence imposed on 04/27/2017 which ordered the 86 month sentence to Run concurrently with any undischarged term of imprisonment on the Hudson County State Court, Superior Court in the State of New Jersey. The petitioner was given "jail credit time" from 05/06/2016 through 08/11/2016, but was not given "jail credit time" from 08/12/2016 through 04/27/2017.

## 2. JURISDICTION

This Honorable Court has jurisdiction to hear this petition as well as to a make a determination and a finding to see if the BOP erred in calculating petitioner's Sentence Computation Data Sheet with regards to his "jail credit time".

Under 28 U.S.C &2241(c), habeas jurisdiction "shall not extend to a prisoner unless …….(h)e is in custody in violation of the Constitution or Laws or Treaties of the United States" 28 U.S.C. &2241(c)(3), Malong v. Cook, 490 U.S. 488, 490 109 S.Ct. 1923, 104 L.Ed. 540 (1989). This court has jurisdiction under &2241 to consider the instant petition because petitioner seeks not to vacate or modify his sentence, but to implement the sentence as imposed. More ever, if the BOP erred in calculating petitioner's sentence, the addition of 270+ days to his federal sentence carries a potential for miscarriage of justice that can be corrected through habeas corpus. See Murray v. Carrier, 477 U.S. 478, 495, 106 S.Ct. 2639, 91 L.Ed 2d 397(1986).

Ordinarily, a federal prisoner must challenge the legality of his detention by Motion Under 28 U.S.C. &2255, Nonetheless, a federal prisoner may challenge the manner or execution of his sentence under 28 U.S.C. &2241. Hill v. Masters, 836 F.3d 591, 594 (6th Cir. 2016)(citing United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). The federal habeas statute provides that the proper respondent for a &2241 action is "the warden of the facility where the prisoner is being held". Ramsfield v. Padilla, aa542 U.S. 426, 427 (2004).

A Claim concerning the computation of good-conduct- time ("jail credit time") can be addressed in a &2241 petition. See Sullivan v. United States, 90 F. App'x 862, 863 (6th Cir. 2004)("(Section 2241 is a vehicle …. For challenging matters concerning the execution of a sentence such as the computation of good-time-credits, "jail credit time)"). Indeed, because a challenge to the loss of "jail credit time"

2

involves "the fact as extend of [petitioner] confinement," it can only be brought as a habeas petition. Wilson v. Willians, 961 F.3d 829, 837 (6th Cir. 2020).

3. DISCUSSION

A. EXHAUSTION

The petitioner has exhausted his administrative remedy process when he first filed a letter-request to the BOP Northeast Regional Office requesting that the be given "jail credit time" from 08/12/2016 through 04/27/2017. (see Copy of the response from the BOP Northeast Regional Office attached here as **Exhibit "1"**).

On May 27, 2021 again the petitioner wrote a letter to the BOP Designation and Computation Center ("DSCC"), asking again that he be given "jail credit time" from August 12, 2016 through April 27, 2017 or the date the petitioner was sentenced. ( See copy of the letter without the attachments, included here as **Exhibit "2"**).

On June of 2021 the petitioner received a 7 line memo response from the DSCC through Mr. Courtney Franklin, denying the petitioner's letter-request, by citing two out of date cases (Willis and Kayfas), one of 1071, and the other from 1993. Both cases cited by the DSCC representative do not deal with concurrent sentences at all. (See copy of the DSCC response attached here as **Exhibit "3"**).

And again, the petitioner on July 8, 2021 sent a Motion-letter to the DSCC Office in Grand Prairie, Texas, and specifically to Mr. Courtney Franklin the DSCC representative that denied the petitioner's first letter-request, and again the DSCC responded with a short memo denying the request. ( See copy of both petitioner's Motion-letter and the response from the DSCC Office, attached here as **Exhibit "4"**).

On August of 2021, the petitioner filed a "Motion to Correct Sentence Pursuant to 18 U.S.C. &3585(b)" with his Sentencing District Court, The New Jersey District Court, Newark Division. (See

3

copy of this Motion without the exhibits, and attached here as **Exhibit "5"**). On September 20, 2021 the Honorable Susan D. Wigenton or the petitioner's sentencing Judge filed a one page letter document, (See copy of her letter attached here as **Exhibit "6"**), where it states, that this "Court takes no position" etc., and directed the petitioner to contact his Counselor for additional assistance. Thus, the petitioner has exhausted all his administrative remedies available to him.

Furthermore, this Court has ruled that even if the petitioner had failed to exhaust his administrative remedies, that is not a requirement in order for the Court to hear this petition. See Johnson v. Terris, No. 17-11065, 2017 WL 2798545, at *2 (E. D. Mich. June 28, 2017)("the exhaustion requirement....'is not statutory required,' Fazzini v. Northeast Ohio Corr. Ctr. 473 F3d. 229, 235 (6ath Cir. 2006), and, if a petitioner fails to exhaust administrative remedies before filing a &2241 petition, a District Court may excuse the faulty exhaustion and reach the merits of the portioner's claim. Ridley v. Smith, 179, F. App'x 109, 111 (3rd Cir. 2006)(quoting Brown v. Rison, 895 F2d 533, 535 (9th Cir. 1990).

B.  STANDAR OF REVIEW

Insofar as the BOP finally denied portioner's request challenging the calculation of his sentence, this Court's review is limited to the abuse of discretion standard See Gallaway v. Warden FCI Fort Dix, 385 F. App'x 59, 61 (3rd Cir. 2010), under the standard, a reviewing court must find that the actual choice made by the Agency was neither arbitrary nor capricious. See C.K. v. N.J. Dept. of Health Human Services, 92 F.3d 171, 182 (3rd Cir. 1996). "[A]gency action must be set aside if the action was 'arbitrary', capricious, on abuse of discretion, or otherwise not in accordance with law...", Citizens to preserve Overton Park v. Volpe, 401 U.S. 402, 414, 91 S.Ct. 814, 28 L.Ed 136 (1971), overruled on other grounds; Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed 192 (1977)(quoting 5 U.S.C.&706(2)(A).

4

D. ARGUMENT

The petitioner was sentenced on April 27, 2017 by the Honorable Judge Susan D. Wigenton to a Term of 86 months, during the sentencing hearing the Judge specifically stated that,

> "And I asked specifically, Mr. Wofsy, about his state court sentence because I am trying to determine if that was run concurrent to this sentence. Based on your representation that it was, I know the judgement and conviction does not reflect that so you should probably – I won't tell you what to do, but you probably need to make sure you have that in writing, and it certainly is reflected on the record that that is done.
>
> But in any event, this sentence will run concurrent to any undischarged term of imprisonment on Hudson County State Court, Superior Court, matter which is under Docket 16-06-354."(See, copy of the sentencing transcript attached here as **Exhibit "7"**)."

But, since the Attorney for the petitioner nor the BOP corrected the petitioner's "jail credit time", and, the petitioner has exhausted all the administrative remedies available to him to not avail, then, his only available avenue was to filed this Motion Pursuant to 28 U.S.C. &2288 to seek remedy from the District Court locally and have the Government finally address his claim..

7      The petitioner first sent a request-letter to the BOP Northeast Regional Office asking that his Sentence Computation Data be corrected (see **Exhibit "8"**), since it only shows that the petitioner only received "jail credit time" from 05/06/2016 through 08/11/2016 or to the day he pleaded guilty for the federal charge.

In its response the BOP Northeast Regional Office denied the petitioner's request by citing an out of date case <u>Willis v. United States of America</u>, 438 F.2d 923, 1971 U.S. App'x Lexis 11908, No. 30700 (February 10, 1971), a case where the defendant did not had a concurrent sentenced imposed on him, in another words, a case that does not affect the petitioner's claim. (See copy of the Northeast Regional Office attached here as **Exhibit "1"**).

On May 27, 2021 the petitioner again wrote another letter-request to the BOP Designation and Computation Center Office or DSCC, which is the only Office in the BOP in charge of keeping an

5

inmate's Computation Sentence Data up to date and can correct any dispute with an inmate's disparity in his sentence. The petitioner in his request asked that his data in his sentence sheet be up dated to reflect all his "jail credit time" or the jail credit time from August 12, 2016 through April 27, 2017, and be added to his Sentence Computation Data Sheet. (See copy of the petitioner's request-letter without the exhibits attached here as **Exhibit "2"**).

On June of 2021, the petitioner received a 7 line memo response from the Bop DSCC Office through Mr. Courtney Franklin the BOP representative from this Office, denying the petitioner's request-letter, by citing now two out date cases, the <u>Willis</u> case <u>Supra</u>, and <u>Kyfas</u> case, a 1993 case similar to the <u>Willis</u> case, which also dose not deal with a defendant's concurrent sentence at all. (See copy of the memo response from the DSCC representative attached here **as Exhibit "2"**).

On July 8, j2021 the petitioner sent a Motion-letter to the DSCC Office again, and specifically to Mr. Courtney Franklin the DSCC Officer that responded in the last letter-request, and again, he responded with another short mem denying the petitioner's Motion-letter. (See copy of the Motion-letter and copy of the response from the DSCC attached here as **Exhibit "4"**).

On August 0f 2021, the petitioner filed a Motion To Correct Sentence Pursuant to 18 U.S.C. &3585(b) with his sentencing Court, the United States District Court for The District of New Jersey, Newark Division, (See copy of his Motion without exhibits attached here as **Exhibit "7"**).

On September 20, 2021 the petitioner's sentencing Judge, the Honorable Susan D. Wigenton in a one page letter denied the petitioner's Motion, stating that he should contact his Attorney that handle his case during his sentencing for additional guidance or assistance with any concern that he may have regarding his "jail credit time". (See copy of this letter response, attached here as **Exhibit "6"**).

In the same Circuit Court where the petitioner was sentenced, in <u>Joseph secrest v. Bureau of Prisons</u>, 2016 US Dist. Lexis 134030- Civil No. 13-5011 (NLH), the Court directed the BOP to credit "<u>Secrest</u>" with all the time served in state custody as the Judge sentenced "<u>Secrest</u>" to run the federal

6

sentence fully concurrently with the state sentence. In Ruggiano v. R.M. Reish,Wardenk, 307 F.3d 121, 2002 US. App. Lexis 20456 No. 0103703 (September 19, 2002), the Judge here sentenced Ruggiano in his Federal sentence to run concurrently with the state sentence and ordered that Ruggiano received credit for the amount of time he has served.

Under 18 U.S.C. &3585(b), a defendant serving a concurrent state and federal sentence is entitled to pre-sentence custody credit against federal sentence for all his pre-sentence incarceration whether in federal or state custody, no just time spent in actual federal custody. See United States v. Smith, 318 F.Supp. 2d 875 (C.D. Cal, 2004).

The Honorable Sentencing Judge, when sentencing the petitioner made it clear that; First, both sentences, state and federal where to run concurrently; and, Second, it made also clear, that the petitioner was entitled to full "jail credit time" from May 06, 2016 through April 27, 2017. The Judge told both the Government and the representing counsel for the petitioner, that it was up to them to work out the details as to the petitioner's full "jail credit time". (See Exhibit "1", the petitioner's sentencing transcript). Furthermore, when the petitioner filed on August of 2021 his Motion to Correct his sentence, the court had the obligation to fix his "jail credit time", or at least had the Government respond to the petitioner's claim, but instead, it directed the petitioner to contact his Attorney so he could assist the petitioner in his claim

It is clear, that the Government (through the BOP), nor the petitioner's Attorney want to address this important issue or the petitioner's claim, so they can correct the petitioner's "jail credit time" to reflect the full credit from May 06, 2016 through April 27, 2017. So by ignoring the petitioner's several requests and Motion, he was left with the only avenue available to him, to file the present Motion Under 28 U.S.C. &2241, in hoping that this time the Government is willing to address the petitioner's claim, and finally correct his Sentence Computation Data Sheet to reflect his full "jail credit time".

7

## CONCLUSION

For the foregoing reasons and the evidence presented here in, the petitioner Raidhy Louis Moya, respectfully asd to this Honorable Court to make a determination and a finding on the petitioner's habeas courpus, and order the Government to respond to the petitioner's claim, and if the petitioner's claim is a valid one, to order that the he be given full "jail credit time" from May 06, 2016 through April 27, 2017.

Respectfully Submitted,

_____

Raidhy Louis Moya
Reg:28443-050

Cc: File

8

FROM: Randy Louis Moya
Res# 284443-050
North Lake Correctional Facility
P.O. Box 1500
Baldwin, MI 49304

TO: Clerk of the Court
United States District Court
107 Federal Building
410 W. Michigan Avenue
Kalamazoo, MI 49007