UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RAIDHY LOUIS MOYA,

        Petitioner,

v.

        Case No. 1:21-cv-936

        Hon. Hala Y. Jarbou

DAVID LEU,

        Respondent.
_____/

**OPINION**

    This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Petitioner Raidhy Louis Moya is currently incarcerated at the Federal Correctional Institution (FCI) in Petersburg, Virginia.[1] In his § 2241 petition, Petitioner asserts one claim for relief—that the Bureau of Prisons (BOP) has failed to award him prior custody credit for the period from August 12, 2016, through April 27, 2017. (ECF No. 1, PageID.6–7.)

    The Court directed Respondent to answer the petition in an order (ECF No. 3) entered on November 17, 2021. Respondent filed his response on January 18, 2022. (ECF No. 5.) Respondent contends that Petitioner's § 2241 petition should be denied and dismissed because: (1) Petitioner failed to exhaust his administrative remedies; and (2) the BOP correctly calculated Petitioner's release date and awarded all sentencing credit to which he was entitled. (*Id.*, PageID.47.) For the following reasons, the Court will deny Petitioner's § 2241 petition.

---

[1] When Petitioner filed his § 2241 petition, he was incarcerated at the now-closed North Lake Correctional Institution in Baldwin, Michigan. He was transferred to FCI Petersburg at some point in 2022. (ECF No. 8.)

**Discussion**

**I.    Background**

On May 6, 2016, officers from the West New York Police Department's Narcotics Unit arrested Petitioner on charges of distribution of a controlled dangerous substance on or near school property. (McEvoy Decl. ¶ 3, ECF No. 5-1, PageID.59.) On August 12, 2016, the Superior Court of New Jersey, Hudson County, sentenced Petitioner to five years' imprisonment, with parole ineligibility for two years. (*Id.*)

On October 20, 2016, federal authorities borrowed Petitioner from state custody pursuant to a writ of habeas corpus *ad prosequendum* to face pending federal charges. (*Id.* ¶ 4, PageID.60.) On April 27, 2017, the United States District Court for the District of New Jersey sentenced Petitioner to 86 months' imprisonment on a charge of re-entering as a deported alien. (*Id.*) That court ordered that Petitioner's federal sentence run concurrently "with any sentence imposed by State Court or any undischarged term of imprisonment on the Hudson County Court matter, Docket #16-06-354." (*Id.*) Petitioner was returned to the New Jersey Department of Corrections on May 4, 2017. (*Id.*) He was released from state custody on October 31, 2019, and was transferred to the custody of the United States Marshals to continue serving his federal sentence. (*Id.*)

The BOP computed Petitioner's federal sentence to begin on April 27, 2017, the day on which it was imposed. (*Id.* ¶ 5, PageID.60.) The BOP credited Petitioner with 98 days of prior custody credit for the period from May 6, 2016, through August 11, 2016. (*Id.*) Petitioner's current projected release date, considering earned and good conduct credit time, is February 27, 2023. (*Id.*) Petitioner, however, is subject to a detainer placed by the Immigration and Customs Enforcement (ICE). (*Id.*)

Petitioner has not submitted any formal administrative remedy requests regarding his request for additional custody credit to the BOP. (Garner Decl. ¶ 5, ECF No. 5-2, PageID.103.)

2

Instead, Petitioner corresponded with officials at the BOP's Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas. (ECF Nos. 2-1 through 2-4.) He also filed a motion to correct sentence pursuant to 18 U.S.C. § 3585(b) with the District of New Jersey. (ECF No. 2-5.) Moreover, the North Lake Correctional Facility had a distinct and separate administrative remedy program; Petitioner never submitted an administrative remedy request during his incarceration there. (Garner Decl. ¶ 6, PageID.103.)

As noted *supra*, Petitioner raises one issue in his § 2241 petition. He contends that he is entitled to prior custody credit toward his federal sentence for the period from August 12, 2016, through April 27, 2017. (ECF No. 1, PageID.7.) He avers that because the District of New Jersey ordered that his federal sentence run concurrently to his state sentence, he is entitled to custody credit "for all his pre-sentence incarceration whether in federal or state custody." (ECF No. 2, PageID.16.) Petitioner requests that the Court grant his § 2241 petition and order the BOP to award him prior custody credit for the period noted above.

## II.     Discussion

### A.     **Exhaustion of Administrative Remedies**

Respondent first contends that the Court should dismiss Petitioner's § 2241 petition because he failed to exhaust his administrative remedies. (ECF No. 5, PageID.48.) A habeas petitioner is required to exhaust his or her administrative remedies prior to filing a § 2241 petition. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Failure to exhaust is an affirmative defense that must be pled and proven by the respondent. *See id.*

The BOP's administrative remedy procedure allows an inmate to "seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Under this procedure, "a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community

3

corrections manager, to the Regional Director, and to the Office of General Counsel for relief." *Cortez v. Fed. Bureau of Prisons*, No. 2:22-cv-10430, 2022 WL 4491057, at *3 (E.D. Mich. Sept. 27, 2022) (citing *Mazzanti v. Bogan*, 866 F. Supp. 1029, 1032 (E.D. Mich. 1994) and 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Petitioner contends that he exhausted his administrative remedies by submitting letters to the BOP's DSCC requesting additional custody credit. (ECF No. 2, PageID.14–15.) He also submitted a motion to correct sentence pursuant to 18 U.S.C. § 3585(b) to the sentencing court. (*Id.*, PageID.15.) The sentencing court terminated his motion, taking "no position as to what credit [Petitioner] will receive or [has] received for time served." (ECF No. 2-6, PageID.35.) Petitioner's letters to the DSCC, however, do not suffice to demonstrate that he exhausted his administrative remedies. *See, e.g.*, *Sandefur v. Pugh*, Nos. 98-1377, 98-1400, 1999 WL 679685 (10th Cir. Sept. 1, 1999) (finding that the petitioner's letter to the DSCC requesting additional custody credit did not establish that the petitioner "formally filed a request for credit with the Warden or appealed from the regional director's denial"); *Williams v. Rivers*, No. 3:19-cv-50267, 2021 WL 256797, at *2 (N.D. Ill. June 23, 2021) (letters to the DSCC do not suffice for a federal inmate to have exhausted his administrative remedies); *Garland v. FCI Elkton Warden*, No. 4:16 CV 1137, 2016 WL 3629016, at *3 (N.D. Ohio July 7, 2016) (concluding that letters to the DSCC do not equate to "the remedies set forth in 28 C.F.R. §§ 542.10 to 542.19"); *Ramirez v. Withers*, No. 6:13-43-DCR, 2013 WL 2903278, at *2 (E.D. Ky. June 13, 2013) (concluding that informal correspondence to the DSCC "is not a substitute for compliance with the BOP's formal administrative remedy program set forth at 28 C.F.R. §§ 542.10–542.18"). Likewise, Petitioner's motion to correct sentence filed with the sentencing court did not serve to exhaust his administrative remedies. *Cf. Stevenson v. United States*, 495 F. Supp. 2d 663, 664 (E.D. Mich.

2007) (concluding that a motions pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3585(b) are not the proper vehicles for seeking prior custody credit; instead, a petitioner must exhaust his administrative remedies within the BOP and then file an action under § 2241).

Even if Petitioner's letters and motion to correct sentence constitute attempts at informal resolution of his issue, the record reflects that Petitioner never filed any formal administrative remedies regarding his request for additional custody credit. Petitioner has not submitted any requests for administrative remedies pursuant to the BOP's procedure. (Garner Decl. ¶ 5, ECF No. 5-2, PageID.103.) Moreover, Petitioner never filed any administrative remedy request pursuant to North Lake's administrative remedy program while he was incarcerated there. (*Id.* ¶ 6.) Upon consideration of the record, the Court agrees with Respondent that Petitioner failed to exhaust his administrative remedies prior to filing his § 2241 petition. Petitioner has not demonstrated that it would have been futile for him to pursue those remedies or that the administrative remedy process could not have provided the relief he requests. *See McKart v. United States*, 395 U.S. 185, 200 (1969). For that reason alone, Petitioner's § 2241 petition must be denied. Nevertheless, the Court has considered the merits of his claim below.

      **B.**      **Entitlement to Additional Custody Credit**

The BOP calculates a federal inmate's sentence based upon two factors: (1) the date of commencement; and (2) any credit the inmate is due for prior custody. *See* 18 U.S.C. § 3585. "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *Id.* § 3585(a). The earliest a federal sentence can commence is the date on which it was imposed. *See United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007); *see also United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2014) (noting that "[b]ackdating a federal sentence [to commence prior to its imposition] conflicts with

18 U.S.C. § 3585(a)"). Here, the District of New Jersey ordered Petitioner's federal sentence to run concurrently to the undischarged portion of his state sentence. Accordingly, Petitioner's federal sentence commenced on April 27, 2017, the date upon which it was imposed. (ECF No. 5-1, PageID.78.)

Section 3585(b) sets forth limitations on the BOP's ability to award prior custody credit towards a federal inmate's sentence. Section 3585(b) states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). By this provision, "Congress made clear that a defendant [cannot] receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (noting that because the petitioner "received credit toward his state sentence for the time period in question, he may not receive credit for his time toward his current federal sentence").

While § 3585(b) does not provide any exceptions to the bar on double credit, the BOP has recognized instances where exceptions are warranted. *See* BOP Program Statement 5880.28 (ECF No. 5-1, PageID.92–99.) These exceptions are premised upon the respective holdings of *Willis v. United States*, 438 F.3d 923 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). As discussed below, the BOP concluded that *Willis* applied to Petitioner's concurrent sentences.

In *Willis*, the United States Court of Appeals for the Fifth Circuit noted that when a concurrent state sentence will end prior to the imposed federal sentence, the fact that a state has already credited prior custody time against its sentence "essentially does the prisoner no good vis-

6

à-vis his federal sentence." *Woodson v. Salinas*, No. 6:16-cv-0019-GFVT, 2017 WL 2701924, at *4 (E.D. Ky. June 22, 2017) (citing *Willis*, 4328 F.2d at 925). Thus, the BOP has provided that

> [i]f the federal and non-federal terms are concurrent and the Raw [Effective Full Term (EFT)] of the non-federal term is equal to or less than Raw EFT of the federal sentence[;] [p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal. These time credits are known as *Willis* time credits.

(ECF No. 5-1, PageID.93.) Thus, pursuant to *Willis*, the BOP credited Petitioner with 98 days of prior custody credit for the period from May 6, 2016 (the date of his arrest), through August 11, 2016 (the day before he was sentenced on state charges), even though that time had also been credited toward his state sentence. (McEvoy Decl. ¶ 5, ECF No. 5-1, PageID.61; *see also* ECF No. 5-1, PageID.89.) Petitioner seeks additional credit for the period from August 12, 2016—when his state sentence was imposed—through April 26, 2017. *Willis*, however, cannot apply to grant Petitioner that credit because the policy explicitly applies to custody that occurs **prior** to the date the first sentence begins to run. The BOP, therefore, appropriately did not award Petitioner *Willis* custody credits for the period from August 12, 2016, through April 26, 2017.[2]

In his brief supporting his § 2241 petition, Petitioner cites *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002), *superseded on other grounds by* United States Sentencing Guideline (USSG) § 5G1.3 cmt. N.3(E), and *Secrest v. Bureau of Prisons*, No. 13-5011 (NLH), 2016 WL 5539582 (D.N.J. Sept. 29, 2016), in support of his argument that he is entitled to additional prior custody credit. (ECF No. 2, PageID.15–16.) Petitioner's reliance upon these cases, however, is misplaced. In *Ruggiano*, the sentencing judge had applied United States Sentencing Guideline § 5G1.3(c) and

---

[2] *Kayfez* applies only when "the Raw EFT of the non-federal term is greater than the Raw EFT of the federal term." (ECF No. 5-1, PageID.95.) Here, the raw EFT for Petitioner's state term was five years from August 12, 2016, less than that of his federal term (86 months from April 27, 2017). *Kayfez*, therefore, does not apply to Petitioner's situation.

had clearly stated that the petitioner should receive credit toward his federal sentence to fully account for time he had served on his state sentence. *Ruggiano*, 307 F.3d at 124. At that time, § 5G1.3(c) provided that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *Id.* at 128 (quoting USSG § 5G1.3(c)). The United States Court of Appeals for the Third Circuit held that the sentencing court had the authority, under § 5G1.3, to adjust the petitioner's sentence "for the time served on his state conviction." *Id.* at 131. The Third Circuit, therefore, vacated the district court's order denying the petitioner relief under § 2241 and remanded "with instructions that the District Court grant the petition and direct the BOP to credit Ruggiano with the 14 months he spent in detention prior to the imposition of sentence on his federal conviction." *Id.* at 136.

Likewise, in *Secrest*, the sentencing court directed that the petitioner's sentence "run fully concurrently" with his state sentence pursuant to Note 2 of § 5G1.3. *Secrest*, 2016 WL 5539582, at *6. The *Secrest* court acknowledged that the BOP did not have authority under either 18 U.S.C. § 3582(b)(2) or USSG § 5G1.3 to credit the time in question because the time in question had been credited toward the petitioner's state sentence. *Id.* at *5. The court, however, concluded that the sentencing judge had ordered a fully concurrent sentence, and that his order and comments at sentencing and his sentencing memorandum required the BOP to credit the petitioner for the time in question. *Id.* at *9. The court, therefore, granted the petitioner's § 2241 petition and directed the BOP to recalculate his release date "by giving him credit against his 293-month term for the entire period from his arrest on September 10, 1997, through December 7, 1999, the day prior to the imposition of the federal sentence." *Id.* at *12.

8

Unlike in *Ruggiano* and *Secrest*, however, Petitioner's sentencing judge made no explicit reference to USSG § 5G1.3 at sentencing. While Petitioner contends that the sentencing judge asserted that he should be granted full credit from the time of his arrest to the time of his federal sentencing (ECF No. 2, PageID.16), the portion of the sentencing transcript he provides does not support this argument. That portion does not contain any reference to USSG § 5G1.3. Instead, the sentencing judge explicitly stated that Petitioner's federal sentence would run "concurrent to any undischarged term of imprisonment" on his state sentence. (ECF No. 2-7, PageID.38.) At the time of sentencing, Petitioner had already discharged the period at issue on his state sentence. Nothing in the record before the Court indicates that the sentencing judge intended to direct the BOP to provide credit for that time as well. Moreover, as noted *supra*, the sentencing court later took no position on the credit Petitioner was to receive when he filed his motion to correct sentence pursuant to 18 U.S.C. § 3585(b). Thus, unlike in *Ruggiano* and *Secrest*, Petitioner's sentencing judge left the calculation of credit to the BOP's authority under § 3585(b). Petitioner, therefore, is not entitled to additional prior custody credit, and his § 2241 petition will be denied.

## Conclusion

For the reasons discussed above, Petitioner failed to exhaust his administrative remedies prior to filing his § 2241 petition. Moreover, the BOP correctly calculated Petitioner's prior custody credit, and Petitioner is not entitled to credit for the period from August 12, 2016, through April 27, 2017. Accordingly, the Court will enter a judgment denying Petitioner's § 2241 petition.[3]

Dated: October 19, 2022                    /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In § 2241 cases involving federal prisoners, the Court need not address whether to grant a certificate of appealability. *See Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

9